NATHANIEL J. BROWN, plaintiff in error, *v.* WILLIAM T. PEASE *et al.* defendants in erorr.

*Error to Cook.*

Three promissory notes were executed to B. payable on the first days of September, October and November, which notes, before maturity, were assigned to C. who brought suit on them on the fifth day of the ensuing January, returnable on the first Monday of March, that being the commencement of the first term of the Circuit Court after their maturity. The Municipal Court was by law required to be held on the first Mondays of November, January and March. At the November term, the Judge gave notice that he should not hold the January term, and acted accordingly. Judgment was obtained on the notes at the November term, the cause having been contested and continued from the March term, when an execution was duly issued, and returned *nulla bona.* C. then sued B. as assignor of the three notes, and the jury returned a verdict in his favor for the note and interest last due only: *Held,* that due diligence was not used to collect two of the three notes, as suit might have been brought to the November term of the Municipal Court, but as to the third, the suit was duly brought.

ASSUMPSIT in the Cook Circuit Court, brought by the defendants in error against the plaintiff in error, as assignor of of three several promissory notes. The cause was heard at the October term 1843, before the Hon. Richard M. Young and a jury, when a verdict was rendered in favor of the plaintiffs below for $193, the amount of the note last due.

The material facts will appear in the Opinion of the Court.

*J. Butterfield,* for the plaintiff in error.

*J. Y. Scammon & N. B. Judd,* for the defendants in error.

The Opinion of the Court was delivered by

TREAT, J.* On the 22d of July, 1837, Taylor, Hunt & Co. executed to N. J. Brown, the plaintiff in error, three promissory notes for $133·33 each, and payable respectively on the first days of September, October and November thereafter. Before maturity, these notes were assigned by Brown to the

---

* DENNING, J. did not sit in this case.

defendants in error. On the 5th of January, 1838, the defendants in error brought an action on the notes in the Cook Circuit Court. The process was returnable on the first Monday of March, that being the commencement of the first term of the Circuit Court after the maturity of the notes. The action was contested, and was continued until the November term 1839, when a judgment was rendered against the makers for the amount of the notes and interest. An execution issued thereon on the 20th of November, 1839, on which the sheriff made the return of *nulla bona.* The Municipal Court of the city of Chicago was by law required to be held on the first Mondays of November, January and March. During the November term 1837, the Judge of that Court informed the Bar that he should not hold the coming January term, and the result was that he did not hold it. In October, 1843, the defendants in error brought this suit against Brown to recover the amount of the notes. On the foregoing state of facts, the jury returned a verdict in favor of the defendants in error for $193, the amount of the note which last fell due, and the interest thereon. The Court refused to grant a new trial, and rendered a judgment on the verdict. That decision is assigned for error.

It is insisted that the defendants in error did not use due diligence to collect the notes of the makers. This may be true of the two notes first becoming due. An action might have been brought on those notes to the November term of the Municipal Court. The jury so decided, and the propriety of their finding in that respect is not now questioned. The position is not tenable as to the third note, which fell due within ten days of the commencement of the term. The action was brought to the first term of the Circuit Court, the process was sued out in reasonable time to be served, the suit was prosecuted diligently to final judgment, and an execution was issued in due season, on which the sheriff made the return of *nulla bona.* These acts of diligence made out a clear *prima facie* cause of action as to the third note, and there was nothing in the evidence to contradict or defeat it. The defendants in error were under no obligation to

sue in the Municipal Court. There was no term of that Court held sooner than the Circuit Court. The Judge had given public notice that the January term would not be held, and suitors had the right to rely on the declaration. The bringing of a suit to that term would have been a useless act, which the defendants in error were not bound to do.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*

---

* Denning, J. did not sit in this case.